FILED

2014 SEP 29  PM 2: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

Zack Broslavsky (241736)
Jonathan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Shahan, on his own behalf, and behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT FOR

## CENTRAL DISTRICT OF CALIFORNIA

JOHN SHAHAN, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

ACCELERATED FINANCIAL SOLUTIONS, LLC, a Virginia limited liability company, DYNAMIC RECOVERY SOLUTIONS, LLC, a South Carolina limited liability company, and DOES 1 to 100, inclusive

Defendants.

No.   SACV14-01577 DOC (JCGx)

## CLASS ACTION COMPLAINT

Plaintiff John Shahan ("Shahan" or "Plaintiff"), makes this Complaint against Defendant Accelerated Financial Solutions, LLC ("AFS") and Defendant Dynamic Recovery Solutions, LLC ("DRS"), as well as Does 1 to 100 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation of publicly available documents and interviews with witnesses, and

Class Action Complaint

1  information and belief.

2  **Introduction**

3      1.      Defendants are debt collectors. The principal purpose of Defendants'
4  business is to buy consumer debts (and/or alleged consumer debts) and/or to
5  collect (or attempt to collect) such consumer debts (and/or alleged consumer
6  debts), and Defendants do so in the regular course of their business. In particular,
7  Defendants regularly seek to collect significantly aged debts (and/or alleged debts)
8  from consumers from California consumers which were primarily incurred for
9  personal, family, or household purposes, which are both outside of the four year
10 statute of limitations in Code of Civil Procedure section 337, and cannot be
11 included in these consumers' credit reports because they are past the seven year
12 time limit under Civil Code § 1785.13(a)(5), (7) ("Putative Debts").

13     2.      Shahan asserts a claim for declaratory relief under Code of Civil
14 Procedure section 1060. Shahan seeks a declaratory judgment that neither he nor
15 the class of similarly-situated California consumers is liable for the Putative Debts
16 because the Putative Debts are time-barred under Code of Civil Procedure section
17 337.

18     3.      Shahan seeks declaratory relief that will place him and the rest of the
19 class in the same position as if Defendants had sued on the Putative Debts, and
20 Shahan (and the other class members) had received a final judgment in their favor
21 on the Putative Debts. As Shahan currently has no evidence that Defendants
22 actually ever sue to collect the Putative Debts, Shahan and the other class members
23 would never otherwise have an opportunity to litigate this statute of limitations
24 defense. Declaratory relief is the only way to remedy the variety of harms alleged
25 in further detail below. Shahan also seeks costs and attorneys' fees under
26 California Code of Civil Procedure section 1021.5. There is an actual controversy
27 between Defendants and Shahan over the Putative Debts' continued validity and
28 enforceability sufficient to warrant a declaratory judgment under Code of Civil

1 | Procedure section 1060.

2 |     4.     Defendants routinely send correspondence to California consumers

3 | seeking to collect Putative Debts which contains the following language:

4 |     As required by law, you are hereby notified that a negative credit
report reflecting on your credit record may be submitted to a credit

5 | reporting agency if you fail to fulfill the terms of your credit
obligations. But we will not submit a negative credit report to a credit

6 | reporting agency about this credit obligation until the expiration of the
time period described on the front of this letter.

7 | At a minimum, this language is misleading because it reasonably suggests that the

8 | Putative Debts could be included on the class members' credit reports. However,

9 | consumer credit reporting agencies cannot lawfully report the Putative Debts,

10 | because the Putative Debts are past the seven year time limit under California Civil

11 | Code section 1785.13(a)(5), (7). The Putative Debts cannot be included in the class

12 | members' credit reports as a matter of law.

13 |     5.     Shahan asserts the Defendants' use of the foregoing misleading

14 | language in attempting to collect the Putative Debts violates the federal Fair Debt

15 | Collection Practices Act (15 U.S.C. §§ 1692-1692p) (the "FDCPA"). Shahan

16 | asserts a claim for statutory damages and the costs of the action (including a

17 | reasonable attorney's fee) under (15 U.S.C. § 1692k for himself and a subclass of

18 | persons who received correspondence containing the foregoing language. Shahan

19 | asserts the Defendants' use of the foregoing misleading language in attempting to

20 | collect the Putative Debts violates the Rosenthal Fair Debt Collection Practices Act

21 | (Cal. Civ. Code §§ 1788-1788.33) (the "Rosenthal Act"). Shahan asserts a claim

22 | for statutory damages and the costs of the action (including a reasonable attorney's

23 | fee) under Civil Code section 1788.17 for himself and a subclass of persons who

24 | received correspondence containing the foregoing language. Shahan also seeks

25 | injunctive relief for himself and such subclass under section 1785.31(b) of the

26 | Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code, §§ 1785.1-

27 | 36) together with attorneys' fees under Code of Civil Procedure section 1021.5.

28 |

**Parties**

6.     Plaintiff John Shahan is a natural person who resides in the County of Orange at the time this action was filed. Shahan brings this action on behalf of himself and others similarly situated.

7.     Defendant Accelerated Financial Solutions, LLC ("AFS") is a Virginia limited liability company which lists the address of its principal office with the Virginia Secretary of State as 6414 Wet Marsh Court, Suffolk, Virginia 23435. In the ordinary course of its business, AFS regularly purchases and collects or attempts to collect Putative Debts. AFS is a debt collector under Civil Code section 1788.2(c). The principal purpose of AFS's business is the collection of Putative Debts, and AFS routinely uses the instrumentalities of interstate commerce and the mails to purchase and collect Putative Debts. AFS is a debt collector under 15 U.S.C. § 1692a(6). On information and belief, AFS derives all or nearly all of its income from the collection of Putative Debts which it purchased, and it does not have any other significant source of income.

8.     Defendant Dynamic Recovery Solutions, LLC ("DRS") is a South Carolina limited liability company which lists the address of its principal office with the California Secretary of State as 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615. In the ordinary course of its business, DRS regularly collects or attempts to collect Putative Debts. DRS is a debt collector under Civil Code section 1788.2(c). The principal purpose of DRS's business is the collection of Putative Debts, and DRS routinely uses the instrumentalities of interstate commerce and the mails to collect Putative Debts. DRS is a debt collector under 15 U.S.C. § 1692a(6). On information and belief, DRS derives all or nearly all of its income from the collection of Putative Debts, and it does not have any other significant source of income. Shahan alleges that DRS undertook all actions alleged in this Complaint in its capacity as AFS's agent, and that AFS is liable for any act or omission by DRS which is relevant to this Complaint.

9.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein.

10.     Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

11.     All Defendants, including Does 1 through 100, are collectively referred to as "Defendants."

12.     Whenever this Complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

13.     Shahan asserts federal claims under the FDCPA. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court at least has supplemental jurisdiction over Shahan's state law

claims under 28 U.S.C. § 1367(a) because they are sufficiently related to the FDCPA claims that they are part of the same case or controversy.

14. This Court has personal jurisdiction over the Defendants under California Code of Civil Procedure section 410.10 because the acts alleged herein were committed in Orange County.

15. Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c), because, e.g., Defendants' liability arose in the County of Orange.

### California's Declaratory Judgment Act

16. California's Declaratory Judgment Act provides litigants with a cause of action for declaratory relief:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-Complaint in the superior court for a declaration of his or her rights and duties . . . He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

Cal. Code Civ. Proc. §1060. Shahan seeks a declaratory judgment that the Putative Debts are time-barred under Code of Civil Procedure section 337, and are no longer valid, due, owing, and/or legally operative (if they ever were).

17. Shahan seeks declaratory relief that will place him and the rest of the class in the same position as if Defendants had sued on the Putative Debts, and Shahan (and the other class members) had received a final judgment in their favor against the Putative Debts. As set forth below, this declaratory relief can protect class members (a) from acknowledging the Putative Debts (and unwittingly lose their dispositive affirmative defense under the statute of limitations); (b) from allegations that they have acknowledged the Putative Debts, and (c) from having the Putative Debts used in other ways (such as being used to acquire their credit

reports or sold as valid causes of action). Declaratory relief is necessary because there is no evidence the Defendants ever sue on the Putative Debts, so that a declaratory action is the only way for Shahan and the other members of the class to obtain the relief sought above.

### The Fair Debt Collections Act and California's Rosenthal Fair Debt Collections Practices Act

18.     The FDCPA prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including any threat "to take any action that cannot legally be taken or that is not intended to be taken," or the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(5), (10). The FDCPA provides for remedies including actual damages, statutory damages ($1,000 in an individual case or the lessor of $500,000 or one per cent centum of the debt collector's net worth), and a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a).

19.     The California Legislature passed the Rosenthal Act in 1977, finding that "[u]nfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(1). The California Legislative expressly stated that the Rosenthal Act's purpose of was "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts[.]" Cal. Civ. Code § 1788.1(b).

20.     In 1999, the Legislature amended the Rosenthal Act by adding Civil Code section 1788.17. The Rosenthal Act requires "every debt collector collecting or attempting to collect a consumer debt [to] comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

In effect, the Rosenthal Act applies many of the same requirements and remedies as the FDCPA to the Rosenthal Act's broader definition of debt collectors. An award of statutory damages under section 1788.17 is cumulative to the statutory damages award under the FDCPA. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011).

### The Consumer Credit Reporting Agencies Act

21.    The California Legislature passed the CCRAA in 1975. The CCRAA reflects legislative findings that the credit reporting systems is "[a]n elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers," and that "[t]here is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and *a respect for the consumer's right to privacy.*" Cal. Civ. Code § 1785.1(a), (c) (emphasis added).

22.    The CCRAA tightly regulates the disclosure of consumer credit reports. The CCRAA prohibits consumer credit reporting agencies from disclosing a consumer credit report, except under various circumstances (e.g., court order, the consumer's written consent). (Civ. Code, § 1785.11, subd. (a).) The permissible purpose Defendants conceivably have to obtain class members' credit reports is that they

> [i]ntend[] to use the information *in connection with a credit transaction*, or entering or enforcing an order of a court of competent jurisdiction for support, involving the consumer as to whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, the consumer . . .

Cal. Civ. Code § 1785.11(a)(3)(A) (emphasis added). Defendants do not have any sort of relationship with Shahan or the other the class members that would provide any permissible purpose outside the collection of the Putative Debts.

23.    The CCRAA also prohibits consumer credit reporting agencies from creating consumer credit report "containing . . . items of information" including "[a]ccounts placed for collection or charged to profit and lossthat antedate the

---

report by more than seven years" or "[a]ny other adverse information that antedates the report by more than seven years." Cal. Civ. Code § 1785.13(a)(5), (7).

24.    Moreover, in 1993, the Legislature amended the CCRAA to prohibit furnishing "information on a specific transaction or experience to any consumer credit reporting agency if the [furnisher] knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The CCRAA also provides for a private right of action which includes injunctive relief. "Injunctive relief shall be available to any consumer aggrieved by a violation *or a threatened violation of* [the CCRAA] whether or not the consumer seeks any other remedy under this section." Cal. Civ. Code § 1785.31(b) (emphasis added).

### Plaintiff's Individual Allegations

25.    On or about March 31, 2013, Defendants acquired Shahan's credit report. Defendants would have violated 15 U.S.C. § 1681b and/or Civil Code section 1785.11 if they obtained his credit report without a permissible purpose. As explained further below, Defendants have no permissible purpose which would allow Defendants to acquire Shahan's credit report—except the collection of a Putative Debt. On information and belief, it was necessary for AFS to provide DRS certain identifiying information about Shahan for DRS to obtain a copy of Shahan's credit report. On information and belief, AFS provided that information to DRS via the instrumentalities of interstate commerce (including transmission over the Internet) and/or the mails.

26.    Defendants sent a letter to Shahan dated April 7, 2014. A true and correct copy of this letter is attached to this Complaint as Exhibit 1. The letter stated that Shahan owes a Putative Debt of $23,627.38, and that the original creditor for the alleged Putative Debt is "Financial Partners CU." Based on this description of the alleged Putative Debt, Shahan alleges on information and belief that the alleged Putative Debt arises from an alleged consumer credit transaction

primarily for personal, family, or household purposes approximately *fifteen years ago*. Whatever other defenses Shahan might assert against this alleged Putative Debt, it is dispositively time-barred under Code of Civil Procedure 337.

27.    Defendants' April 7 letter also stated:

> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

Defendants' April 7 letter is misleading and deceptive because it reasonably suggests that the Putative Debt may reported on Shahan's credit report. The alleged Putative Debt cannot be included in any credit report on Shahan because it is past the seven year time limit under California Civil Code section 1785.13(a)(5), (7) and 15 U.S.C. § 1681c(a)(4), (5).

28.    Defendants' April 7 letter also stated that the current owner of the alleged Putative Debt is "Accelerated Financial Solutions" and solicited payments on the Putative Debt under variety of different payment plans. In particular, the April 7 letter stated:

> If you are unable to accept one of the above settlement offers, *please contact our office for a partial payment plan that you can afford*. In many cases we can freeze the interest while you are adhering to a partial payment plan. We take pride in *working with all customers*, regardless of your current financial position. Please contact us at 1-877-858-4197 if you have any questions. *There may be other options available.*

Based on these representations, Shahan alleges that AFS owns the alleged Putative Debt, and that DRS was acting in the capacity of AFS's agent when it acquired Shahan's credit report and sent the April 7 letter. In particular, the April 7 letter demonstrates that AFS authorized DRS to, e.g., communicate about the Putatuve Debt with Shahan and specifically to negotiate the settlement of the Putatuve Debt with Shahan on AFS's behalf. Shahan further alleges on information and belief that AFS has authorized and directed DRS to take other actions as AFS's agent, which

include acquiring Shahan's credit report and sending the January 24 letter to Shahan, and to settle the alleged Putative Debt at a fraction of its alleged face value.

29.     Defendants' April 7 letter solicited various payments on the Putative Debt under variety of different payment plans. Without a declaratory judgment, Shahan is continually exposed to the risk that Defendants (or their successors) could allege that any such payment (or other written affirmation acknowledging the alleged Putative Debt) constitutes acknowledgment, revives the alleged Putative Debt, and strips Shahan of a dispositive defense under the statute of limitations in Code of Civil Procedure section 337. (See Code Civ. Proc., § 360.)

30.     On April 22, 2014, Shahan sent a letter to DRS and AFS requesting that they produce documents verifying the Putative Debt. Shahan has never received any response.

31.     On June 12 and July 7, 2014, Shahan's counsel sent letters to DRS and AFS seeking the relief requested in this Complaint. Other than AFS's request for a copy of the June 12 letter, Shahan has not received a response.

### Class Allegations

32.     **Class Definition:** Addison seeks to certify a class under Federal Rule of Civil Procedure 23. Addison brings this Complaint against Defendants on behalf of herself and the class (the "Class") of

(a)     All natural persons who reside in California at the time this Complaint was filed:

(i)     whom Defendants sent a letter seeking to collect a debt from such person within the last four years before the date this Complaint was filed, and who resided in California at the time; or

(ii)    whose credit report was obtained by Defendants within the last four years since the date this Complaint was filed, where the permissible purpose for obtaining such credit report is the collection of an account (or alleged account) associated with a credit transaction, and who resided in California at the time;

and

(b)    Where Defendants purchased or purports to have purchased such account after such account was charged off by the alleged original creditor, and Defendants' records show that the four-year statute of limitations on such account has passed ("the Class").

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Members of the Class can be readily identified from Defendants' records and public records. Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Shahan reserves the right to revise the definition of the Class based on facts learned during discovery. Shahan is a member of the Class that he seeks to represent.

33.    **Subclass Definition:** Shahan seeks to certify a subclass, defined as follows:

All Class members

(a)    to whom Defendants sent a letter within one year before the date this complaint was filed which letter contained the following language:

> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter

and who resided in California at the time the letter was sent; and

(b)    whose accounts were placed for collection or charged to profit and loss more than seven years before the date of said letter (the "Subclass").

Excluded from the Subclass are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Members of the Subclass can be readily identified from Defendants' records and public records. Members of the Subclass may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Shahan reserves the right to revise the definition of the Subclass based on facts learned during discovery. Shahan is a member of the Subclass that he seeks to represent.

34.   **Numerosity:** The exact number of Class and Subclass members is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants. Inferring from Defendants' business models, Plaintiff asserts that individual joinder of all Class members is likely to be impracticable.

35.   **Commonality:** Common questions of fact and law exist as to all Class members and Subclass members and predominate over individual questions. Identification of the individuals who qualify as Class members will be sufficient to establish entitlement to declaratory relief. Identification of the individuals who qualify as Subclass members will be sufficient to establish entitlement to statutory damages and injunctive relief.

36.   **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class and Subclass. Plaintiff is not different in any relevant way from any other Class member, and the relief he seeks is common to the Class. Plaintiff is not different in any relevant way from any other Subclass member, and the relief he seeks is common to the Subclass.

37.   **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass: his interests do not conflict with their interests. Plaintiff has retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

38.   **Predominance and Superiority:** The Class and Subclass alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual Class member and Subclass member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members or Subclass members to obtain effective relief from Defendants' misconduct on an individual basis. Even if Class members or Subclass members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

39.   **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Subclass as a whole. The policies of the Defendants challenged herein apply and affect Class members and Subclass members uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable

only to Plaintiff.

## FIRST CAUSE OF ACTION:
### Declaratory Relief, Under California Code of Civil Procedure Section 1060, by Plaintiff Individually and on Behalf of the Class against All Defendants

40. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

41. Defendants assert that the Putative Debts are still valid, due, and owing, and solicit Class members to acknowledge and make payments on the Putative Debts. Consumers can revive time-barred debts by acknowledgment. "[R]evival by acknowledgment [is where] a debt, though timely barred, may be revived through a new promise or written acknowledgment by the debtor." *Lackner v. LaCroix*, 25 Cal.3d 747, 751 (1979). *Cf.* Code Civ. Proc., § 360. If Class members make payments on the Putative Debts or engage in other conduct which Defendants may allege constitutes acknowledgement, a court may find that the Putative Debts have been revived. *See* Cal. Code Civ. Proc. § 360. Revival of the Putative Debts by acknowledgement would strip Class members of their dispositive affirmative defense under the statute of limitations in Code of Civil Procedure section 337.

42. Without declaratory relief, Defendants (or Defendants' successors) can perpetually and indefinitely dun Shahan and the other Class members for such Putative Debts. Shahan and the other Class members are therefore perpetually at risk that Defendants will allege that they have acknowledged the Putative Debt, and thereby have lost their dispositive affirmative defense under Code of Civil Procedure section 337.

43. However, if Defendants sued on the Putative Debts and a final judgment were entered against the Putative Debts, Shahan and the other Class members would no longer be threatened by allegations that they acknowledged and revived the Putative Debts. Shahan seeks declaratory relief in the form of a final

1 | judgment that prevents the revival of the Putative Debts in the future.

2 |      44.    Further, Defendants also obtain Class members' credit reports in the
3 | course of collecting these Putative Debts. Credit reporting is heavily regulated at
4 | both the state and federal level, and protection of consumer privacy is one of the
5 | overarching goals for both CCRAA and its federal equivalent. To accomplish that
6 | goal, the CCRAA limits access to consumer credit reports is limited to specific
7 | enumerated permissible purposes. Defendants do not have any sort of relationship
8 | with Shahan or the other the class members that would provide any permissible
9 | purpose outside the collection of the Putative Debts. *Cf.* Cal. Civ. Code §
10 | 1785.11(a)(3)(A). The CCRAA prohibits accessing credit reporting information
11 | without a permissible purpose. Cal. Civ. Code § 1785.19(a).

12 |      45.    On information and belief, Defendants make the express or implied
13 | representation that they are collecting the Putative Debts, and that such Putative
14 | Debt was valid, due, owing, and/or legally operative, when they acquire Class
15 | members' credit reports. When Defendants acquire Shahan and the other Class
16 | members' credit reports, it is recorded and included as a "hard inquiry" on their
17 | credit reports. These hard inquiries damage the credit scores of Shahan and the
18 | other Class members.

19 |      46.    Without declaratory relief, Defendants (and their successors) can
20 | perpetually and indefinitely access Shahan and the Class members' credit reports.
21 | This would impair the Class members' privacy interests in their credit reports
22 | recognized by the CCRAA. Further, without declaratory relief, Defendants (and
23 | their successors) can perpetually harm Shahan and the other class members' credit
24 | scores by causing "hard inquiries" to appear on the credit reports.

25 |      47.    However, if Defendants sued on the Putative Debts and a final
26 | judgment were entered against the Putative Debts, Defendants and their successors
27 | could no longer use the Putative Debts as a basis to obtain Shahan and the other
28 | Class members' credit reports. Shahan seeks declaratory relief in the form of a

Class Action Complaint                      16

final judgment that holds that, in the future, collection of the Putative Debts no longer provides Defendants a permissible purpose to acquire the credit reports of Shahan and the other Class members.

48.     There is an actual controversy between Defendants and the Class regarding the parties' legal rights and duties with respect to the Putative Debts sufficient to warrant the issuance of a declaratory judgment. The Class members have suffered concrete, actual harm from this dispute (including lost privacy through Defendants' access to their credit reports). The controversy between Defendants and Shahan and the other Class members has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     Shahan asserts that the Putative Debts are no longer valid, due, and owing (if they ever were) because they are time-barred under Code of Civil Procedure section 337. As set forth above, Defendants' continued assertions that the Putative Debts are valid, due, and owing has harmful effects that can only be remedied by declaratory relief because Shahan has no evidence that Defendants ever sue to collect the Putative Debts.

50.     Shahan seeks declaratory relief that will place him and the other Class members in the same position as though Defendants sued to collect the Putative Debts, and Shahan (and the other class members) received a final judgment in their favor on the Putative Debts. Shahan currently has no evidence that Defendants actually ever sue to collect the Putative Debts. Without a declaratory action, Shahan and the other class members may never otherwise have an opportunity to litigate this statute of limitations defense and to stop the harms alleged above.

51.     Under California Code of Civil Procedure section 1060, Shahan seeks a declaratory judgment on an individual basis and a class basis that (1) the Putative Debts are time-barred under California Code of Civil Procedure section 337; (2) the Putative Debts are not valid, due, owing, or legally operative, and cannot be revived by acknowledgement; and (3) as a consequence, Defendants no longer

1 | have any legal right to access the credit reports of Shahan and the other Class

2 | members under California Civil Code section 1785.11. Shahan also seeks to

3 | recover the attorneys' fees incurred on obtaining such declaratory relief under

4 | Code of Civil Procedure section 1021.5.

5 |

**SECOND CAUSE OF ACTION:**
**Violation of the FDCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

6 |

7 | 52.   Plaintiff hereby incorporates by reference the allegations contained in

8 | all preceding paragraphs of this Complaint. Plaintiff asserts this claim on behalf of

9 | himself and the Subclass Members.

10 | 53.   The Putative Debts are "debts" under the FDCPA's definition because

11 | they are alleged obligations to pay money arising out of a transaction in which the

12 | money, property, insurance, or services which are the subject of the transaction are

13 | primarily for personal, family, or household purposes. See 15 U.S.C. § 1692a(5).

14 | 54.   Defendants are all "debt collectors" under the definition of the

15 | FDCPA because they "use[] any instrumentality of interstate commerce or the

16 | mails in any business the principal purpose of which is the collection of any debts,

17 | [and/or] who regularly collects or attempts to collect, directly or indirectly, debts

18 | owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

19 | 55.   In the course of attempting to collect the Putative Debts, Defendants

20 | sent each of the Subclass members a letter which contains the following language:

21 |
22 |
23 |

> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

24 |
25 | At a minimum, this language is misleading because it reasonably suggests that the

26 | Putative Debts could be included on the class members' credit reports, when the

27 | Putative Debts cannot be included in the class members' credit reports as a matter

28 | of law. *Cf.* 15 U.S.C. § 1681c(a)(4), (5).

56.    The FDCPA prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including any threat "to take any action that cannot legally be taken or that is not intended to be taken," or the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(5), (10). The Defendants' use of the language above in letters to the Subclass violates the FDCPA subsection 1692e(5) and (10).

57.    The FDCPA provides for statutory damages in a class action "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector" and the "costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(2)(A), (3).

58.    Shahan, on his own behalf and on behalf of the other members of the Subclass, prays for an award of statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k against all Defendants.

**THIRD CAUSE OF ACTION:**
**Violation of the Rosenthal Act Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

59.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complai 54. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint. Plaintiff asserts this claim on behalf of himself and the Subclass Members.

60.    The Putative Debts are "debts" under the Rosenthal Act's definition because the are alleged obligations to pay money property, services or money that was acquired on credit by natural persons primarily for personal, family, or household purposes. *See* Cal.Civ. Code § 1788.2(d).

61.    Defendants are all "debt collectors" under the definition of the Rosenthal Act because they, "in the ordinary course of business, regularly, on behalf of [themselves] or others, engages in debt collection." Cal. Civ. Code §

1788.2(c).

62.     In the course of attempting to collect the Putative Debts, Defendants sent each of the Subclass members a letter which contains the following language:

> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

At a minimum, this language is misleading because it reasonably suggests that the Putative Debts could be included on the class members' credit reports, when the Putative Debts cannot be included in the class members' credit reports as a matter of law. *Cf.* Cal. Civ. Code § 1785.13(a)(5), (7).

63.     The Rosenthal Act applies the FDCPA's prohibitions to a broader definition of debt collectors, including the Defendants. The FDCPA prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including any threat "to take any action that cannot legally be taken or that is not intended to be taken," or the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(5), (10). The Defendants' use of the language above in letters to the Subclass violates the FDCPA subsection 1692e(5) and (10), and thereby violations the Rosenthal Act.

64.     Additionally, the FDCPA provides for statutory damages in a class action "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector" and the "costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(2)(A), (3). The Rosenthal Act also incorporates these remedies as part of its enforcement scheme. *Cf.* Civ. Code, §1788.17.)

65.     Shahan, on his own behalf and on behalf of the other members of the Subclass, prays for an award of statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under California Civil

Code section 1788.17 against all Defendants. The award of statutory damages under the Rosenthal Act is cumulative to the statutory damages award under the FDCPA. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011).

**FOURTH CAUSE OF ACTION:**
**Violations of the CCRAA, by Plaintiff Individually**
**and on Behalf of the Subclass against All Defendants**

66.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint. Plaintiff asserts this claim on behalf of himself and the Subclass Members.

67.     The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is inaccurate or inaccurate." Cal. Civ. Code § 1785.25(a).

68.     As alleged above, Defendants have sent letters to Subclass members that assert that Defendants may cause the Putative Debts to be included in their credit reports unless the Putative Debts are paid. Defendants are threatening to furnish inaccurate or incomplete information on Subclass members' credit reports because the Putative Debts cannot be included in the Subclass members' credit reports as a matter of law. *Cf.* Cal. Civ. Code § 1785.13(a)(5), (7).

69.     The CCRAA specifically provides for injunctive relief "to any consumer aggrieved by . . . *a threatened violation of this title* whether or not the consumer seeks any other remedy under this section." Cal. Civ. Code § 1785.31(b) (emphasis added). Through its conduct alleged above, Defendants have threatened to violate the CCRAA.

70.     Shahan, on his own behalf and on behalf of the other members of the Subclass, prays for injunctive relief prohibiting further violations of the CCRAA by any Defendant, as well as court costs and attorney's fees consistent with Civil Code section 1785.31 against all Defendants.

WHEREFORE, Plaintiff John Shahan prays that the Court enter judgment and orders in his favor and against Defendants Accelerated Financial Solutions, LLC, Dynamic Recovery Solutions, LLC, and Does 1 to 100 as follows:

a.   An order certifying the Class, directing that this case proceed as a class action, and appointing Shahan and his counsel to represent the Class;

b.   Declaratory judgment against Defendants, and in favor of Shahan and other members of the Class, that (1) the Putative Debts are time-barred under California Code of Civil Procedure section 337; (2) the Putative Debts are not valid, due, owing, or legally operative, and cannot be revived by acknowledgement; and (3) as a consequence, Defendants no longer have any legal right to access the credit reports of Shahan and the other Class members under Civil Code section 1785.11;

c.   An order granting costs and attorneys' fees under Code of Civil Procedure section 1021.5 in favor of the Class;

d.   An order certifying the Subclass, directing that this case proceed as a class action, and appointing Shahan and his counsel to represent the Subclass;

e.   Judgment against Defendants, and in favor of Shahan and other members of the Subclass, for statutory damages in an amount to be proved at trial;

f.   An award of statutory damages and costs for the action (including all reasonable attorneys' fees) under Civil Code section 1788.17;

g.   An award of statutory damages and costs for the action (including all reasonable attorneys' fees) under 15 U.S.C. § 1692k(a);

h.   Injunctive relief under the CCRAA restraining Defendants from threatening to violate the CCRAA in the future;

i.   An award of attorneys' fees incurring in obtaining injunctive relief under Code of Civil Procedure section 1021.5;

j.   Such other and further relief as this Court may deem appropriate.

Dated: September 29, 2014        By:

Zack Broslavsky (241736)
Jonathan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Shahan, on his own behalf, and behalf of all others similarly situated*

1

**JURY TRIAL DEMAND**

2

Plaintiff hereby demands a trial by jury of all issues so triable.

3

4
Dated: September 29, 2014        By: _____

5
    Zack Broslavsky (241736)
    Jonanthan A. Weinman (256553)
    BROSLAVSKY & WEINMAN, LLP

6
    11755 Wilshire Boulevard, Suite 1250
    Los Angeles, California 90025

7
    (310) 575-2550 (telephone)
    (310) 464-3550 (facsimile)

8
    zbroslavsky@bwcounsel.com
    jweinman@bwcounsel.com

9
    Ethan Preston (263295)
    PRESTON LAW OFFICES

10
    8245 North 85th Way
    Scottsdale, Arizona 85258

11
    (480) 269-9540 (telephone)
    (866-509-1197 (facsimile)

12
    ep@eplaw.us

13
    *Attorneys for Plaintiff John Shahan, on his*
    *own behalf, and behalf of all others*

14
    *similarly situated*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jury Demand

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Exhibits to Complaint

John R Shahan

 **Dynamic** Recovery Solutions

April 7, 2014

PO BOX 25759 • GREENVILLE, SC 29616-0759



## You currently owe $23,627.38
## Original Creditor: FINANCIAL PARTNERS CU
## Current Owner: Accelerated Financial Solutions
## You DO Have Options!



**①** Our office will allow you to settle your account for $8,269.58 if payment is received before 5/16/2014. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a settlement letter will be issued.

**②** Our office will allow you to settle your account for $11,813.69 in 2 payments starting on 5/16/2014. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments of $5,906.85, this account will be considered satisfied and closed, and a settlement letter will be issued.

**③** Our office will allow you to settle your account for $15,357.80 in 4 payments starting on 5/16/2014. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these four payments of $3,839.45, this account will be considered satisfied and closed, and a settlement letter will be issued.

**④** If you are unable to accept one of the above settlement offers, please contact our office for a partial payment plan that you can afford. In many cases we can freeze the interest while you are adhering to a partial payment plan. We take pride in working with all customers, regardless of your current financial position.

Please contact us at 1-877-858-4197 if you have any questions. There may be other options available.

| ☎ | **1-877-858-4197** |
|---|---|
| 🖱 | **www.gotodrs.com/webpay** <br> **Your online password will be the last 4 digits of your SSN or Account Number.** |
| ✉ | # PO BOX 25759, GREENVILLE, SC 29616-0759 |

ACH DISCLOSURE: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When information from your check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon you written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

• Please Detach And Return in The Enclosed Envelope With Your Payment ▴

PO BOX 25759
GREENVILLE, SC 29616-0759

149 297 00041997
389464

| For on-line payment, visit us at www.gotodrs.com/webpay |||
|---|---|---|
| TO PAY BY CREDIT CARD, PLEASE COMPLETE THIS SECTION | **VISA** ☐ | *MasterCard* ☐ |
| CARD NUMBER | | EXP. DATE |
| SIGNATURE | | SECURITY CODE |
| ACCOUNT # <br> AFS03142059919 | CIRCLE PAYMENT OPTION <br> 1  2  3  4 | AMOUNT |

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

John R Shahan

00041997
4OPT
DRS.wfd

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action. If you have a complaint about the way we are collecting this debt, please write to us at PO Box 25759 Greenville, SC 29616-0759, email us at support@gotodrs.com or call us toll-free at 1-877-858-4197 between 9:00 A.M. and 5:00 P.M. EST, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

**California Residents:**
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.
Nonprofit credit counseling services may be available in the area.

**Colorado Residents: 717 17th Street Suite 2300 Denver, CO 80202-3317 1-866-436-4766**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Toll Free No. (866) 996-1535
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
WWW.COLORADOATTORNEYGENERAL.GOV/CA

**Idaho Residents:**
If the debt collector has a managerial or financial interest in the creditor, or the creditor has a managerial or financial interest in the debt collector, every communication with the debt must disclose the interest.
135 Interstate Blvd Ste 6 Greenville, SC 29615. Toll Free No. (866) 996-1535

**Kansas Residents:**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS:
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.
Office Hours:  M-F 8:00 a.m. to 5:00 p.m.

**Maine Residents:** Hours of Operation: M-F 8:00 a.m. to 5:00 p.m. Toll Free No. (866) 996-1535

**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:** North Carolina Permit: 103516

**New York City Residents:** New York City Department of Consumer of Affairs License Number 612800

**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Utah Residents:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**Washington Residents:** This collection agency is licensed in the State of Washington at the following address:
Collection Agency Program, Department of Licensing, PO Box 9034, Olympia, WA 98507-9034.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor. This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

John Shahan

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b) County of Residence of First Listed Plaintiff**  Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Ethan Preston, Preston Law Offices, 8245 North 85th Way, Scottsdale, Arizona 85258, (480) 269-9540 (telephone), (866-509-1197 (facsimile), ep@eplaw.us

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   **MONEY DEMANDED IN COMPLAINT:** $ N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: SACV14-01577 DOC (JCGx)

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                           DATE:  9/29/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |